IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHUCKY RANSOM,<br>    Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO.<br>1:15-CR-82-TCB-LTW-3 |
| | : | |
| UNITED STATES OF AMERICA,<br>    Respondent. | : | CIVIL ACTION NO.<br>1:17-CV-2818-TCB-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 his sentence of imprisonment. (Doc. 587.)[1] Respondent filed a response opposing the motion. (Doc. 602.) For the reasons discussed below, Movant is not entitled to relief.

**I.      Background**

In March 2015, a grand jury indicted Movant for several crimes related to the theft of over $10 million in U.S. Treasury checks. (Doc. 1.) The first count of the indictment was conspiracy, which the indictment alleged began "from at least in or about February 2011." (*Id.* at 1.) The overt acts of the conspiracy included aggravated identity theft, which the indictment alleged that Movant committed in December 2013. (*Id.* at 4, 8-9.)

---

[1] All citations to the record are to 1:15-cr-82-TCB-LTW.

Movant pled guilty to the conspiracy and aggravated identity theft charges. (Doc. 418.) The maximum prison sentence for the conspiracy charge was five years. 18 U.S.C. § 371. The aggravated identity theft charge carried a mandatory prison sentence of two years that must be served consecutively to the sentence for the conspiracy charge. *Id.* § 1028A(a)(1), (b)(2).

Attorney Joseph Key represented Movant throughout this case, including at sentencing. The U.S. Probation Office prepared a presentence investigation report ("PSR") for Movant. (Doc. 617.)

The PSR documented Movant's extensive criminal history, which includes twenty-one convictions spanning almost twenty-five years. (*Id.* at 29-43.) The PSR calculated a criminal history score of nineteen under the U.S. Sentencing Guidelines (the "Guidelines"). (*Id.* at 39.) Category six is the highest criminal history category and applies when the score is thirteen points or more. Movant's score was seventeen based solely on his prior convictions, and two points were added because he committed the federal crimes while on probation for two prior state crimes. (*Id.*)

Before sentencing, Key moved for a downward departure from the Guidelines sentencing range on the ground that the criminal history score calculated in the PSR over represented the seriousness of Movant's criminal history and the risk of

2

recidivism. (Doc. 465.) After hearing argument on that issue at sentencing, the Court denied the motion for a downward departure. (Doc. 534 at 2-8.)

The Court sentenced Movant to a total of eighty-four months' imprisonment. (Doc. 470.) That sentence consisted of sixty months for the conspiracy conviction (the statutory maximum) and twenty-four months for the aggravated identity theft conviction (the amount required by statute). (*Id.*) Movant did not file an appeal.

Movant asserts one claim in his § 2255 motion. (Doc. 587.) That claim is that he received ineffective assistance of counsel because Key did not properly investigate and object to the inclusion in his criminal history score of five old convictions. (*Id.*) Those convictions are:

1. a conviction in April 1999 for not having proof of insurance;
2. a conviction in February 2002 for unlawfully possessing a controlled substance;
3. a conviction in August 2002 for criminal trespass;
4. a conviction in May 2003 for violation of a protective order; and
5. a conviction in October 2003 for violation of a protective order.

(*Id.* at 3-8.)

The Guidelines provide that a conviction is not counted toward a defendant's criminal history score if the sentence for that conviction was imposed more than ten years before "the defendant's commencement of the instant offense." U.S. Sentencing

3

Guidelines Manual § 4A1.2(e)(2) (U.S. Sentencing Comm'n 2015). Movant contends that the five convictions listed above were committed more than ten years before March 2015 – the date of the indictment – and, thus should not have been included in his criminal history score. (Doc. 587.) Because Key did not object to the inclusion of those convictions, Movant contends he was ineffective. (*Id.*) Respondent counters that only one of the five convictions is older than ten years and that Movant would have been in the highest criminal history category even if all five convictions were excluded. (Doc. 602.)

**II. Relevant Legal Standards**

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable

standards, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

5

### III. Analysis

Only one of the five convictions Movant claims should not have been included in his criminal history score was too old to be included. As noted above, a sentence for a prior conviction must have been "imposed within ten years of the . . . commencement of the instant offense" for the conviction to be included. U.S.S.G. § 4A1.2(e)(2). "[T]he term 'commencement of the instant offense' includes any relevant conduct" to the offense. *Id.* cmt. n.8. The commencement date is not the date of indictment, as Movant contends. *See United States v. Harris*, 534 F. App'x 906, 908 (11th Cir. 2013) ("Contrary to Harris's contention, his relevant conduct began when he became criminally involved in the conspiracy, not when he was first identified by law enforcement."); *United States v. Erland*, 352 F. App'x 363, 364 & n.3 (11th Cir. 2009) (finding that the latest the defendant commenced his federal offense "was in March 1998, the date [charged] in his indictment").

The relevant conduct for the conspiracy to which Movant pled guilty began no later than February 2011. (Doc. 1 at 1; Doc. 617 at 18-26.) Thus, any prior conviction for which Movant was sentenced in or after February 2001 properly counted as a point in the calculation of Movant's criminal history score under the Guidelines. Movant was convicted and sentenced for four of the five convictions at issue after February

6

2001. (Doc. 587 at 3-8.) If the fifth conviction were excluded, Movant's criminal history score would have been eighteen, which still puts him in the highest criminal history category that applies to scores of thirteen or higher. As a result, it was reasonable for Key to not object to inclusion of the five convictions.

But even if all five convictions were too old to be included, Movant still would have been in the highest criminal history category. Movant received one point toward his criminal history score, up to the maximum of four, for each of his prior convictions, giving him a score of seventeen solely for the convictions. *Supra* Part I. Two points were then added because Movant was on probation for two prior convictions when he committed the federal crimes, bringing his total score to nineteen. *Id.* Subtracting all four points Movant received for his prior convictions would give him a score of fifteen. A score of thirteen or higher places a defendant in criminal history category six, the highest category, so Movant would have been in that category even if the five convictions were excluded. *Id.* That means Movant was not prejudiced by the inclusion of those convictions in his criminal history.

In sum, Movant has not shown that Key's performance was deficient or that he was prejudiced by Key's failure to object to use of the five convictions at issue. Movant is not entitled to relief under § 2255.

7

## IV. Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Movant has not made a substantial showing that he was denied a constitutional right because, as explained above, the record precludes a finding that he established either prong of his ineffective assistance claim.

8

## V. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [587] be **DENIED** and that civil action number 1:17-cv-2818-TCB-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 13 day of November, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)